YOUNG (RUGGLES v.). See Case No. 12,122.

YOUNG (RYAN v.). See Case No. 12,188.

YOUNG (STRATTON v.). See Case No. 13,528.

---

## Case No. 18,175.

### YOUNG et al. v. TAVEL.

[Bee, 228.] [1]

District Court, D. South Carolina. June, 1806.

PRIZE—CONDEMNATION AND SALE—RESTITUTION.

Property purchased at a provisional sale at Barracoa, afterwards confirmed by sentence of condemnation of the constituted authority at Guadaloupe, is not liable to restitution in a suit in personam against the purchaser's consignee.

BEE, District Judge. This is a suit in personam against Tavel, to recover the value of twenty hogsheads and eighteen barrels of sugar, and a large parcel of logwood; part of the cargo of the schooner Enterprize, belonging to the libellants. The libel states that this vessel was captured on the high seas by two French privateers, and carried into Barracoa, where the said articles were taken out of the Enterprize, put on board the brig Lear belonging to the defendant, and brought from Barracoa to Charleston. where they were landed. The libel prays that they may be restored. Tavel's claim and answer admits the capture of said schooner by two French privateers duly authorized to seize all vessels trading with the revolted negroes of St. Domingo; it admits also that she was sold at Barracoa with her cargo, by order of the agent of the government of Guadaloupe then residing at Barracoa. It states that the sale was provisional, and the money ordered to be deposited, to abide the definitive sentence of the government of Guadaloupe. This was afterwards obtained, and a copy of it, marked B, is filed with the answer. The defendant says he was unapprised that the sugar and logwood mentioned in the libel were part of the said cargo, but admits that he received twenty-nine hogsheads and sixteen barrels of sugar from his agent at Barracoa, which were shipped on board the brig Lear, on account of the proceeds of a shipment made by him to Barracoa. The claimant pleads the decree of condemnation and sale of said articles in bar to the juris-

[1] [Reported by Hon. Thomas Bee, District Judge.]

diction of this court; and insists that no compensation should be granted, because the proceedings are in personam, not in rem, and that any sum the court might award would be in nature of damages, which ought to be grounded on some tort or wilful trespass, which he cannot have committed, as he was a bona fide purchaser of the property in question.

It was argued by the counsel for the libellants, that: 1st. The property is fully proved. 2d. That the trade to St. Domingo was lawful at the time of this capture, and that therefore the decree of condemnation at Guadaloupe was void. 3d. That in the case of Rose v. Himely [Case No. 12,045], the decree was declared void, as being founded on an ex post facto law; and that the present decree, being founded in error, is also void. 4th. That as the goods were not of a perishable nature, the sale was contrary to an arrêté. 5th. That the definitive sentence against the vessel is only by implication extended to the goods, and therefore void as to them. 6th. That by a determination of the supreme court of the United States, sentence of a foreign court does not decide the question of property. Lastly. That the proof offered of the sentence at Guadaloupe is not duly authenticated.

For the respondent it was said, that this case is similar to one formerly determined in favour of the same party, except that this is a suit in personam, and no restitution can be decreed; but damages only as for a tort or trespass, which is not pretended. That the agent at Barracoa was a purchaser in market overt, and the answer states, that the property received from that place was in return for a cargo shipped from hence in the same brig. That the provisional sale was lawful and regular, and the purchase at it equally so, though the money arising from said sale was retained till condemnation should take place. That even if the decree at Guadaloupe had been different from what it was, still this purchase in market overt would have been valid: the claimant being bound to recur to the money deposited, and not to the goods in the hands of a fair purchaser. But as the decree of condemnation actually took place, it must be considered as final; that it is certified in the usual form, and takes away all pretence for a suit here.

The principal points that occur in this case have already been investigated by me in the case of Rose v. Himely [supra], which, however, differs from the present in some material respects. The sale there was made without any provisional order, and before any decree. The arrêté upon which the decree finally rested was, itself, issued after the capture of the vessel. Here, the property was sold by a provisional order, from a competent source, and the money retained to abide the final decree, which confirmed the sale.

It must also be recollected that this suit is in personam; every thing relative to the goods being out of the question. The only point now left for the decision of the court is, whether the respondent has done any act that subjects him to restitution. His answer states that the articles he imported were a consignment from his agent at Barracoa in return for a cargo shipped from hence; that they were purchased in market overt; that the sale was made by order of a competent jurisdiction, and was afterwards confirmed by the constituted authority at Guadaloupe. The only questions then for me to decide are: 1st. Whether this decree is sufficiently authenticated. 2d. Whether, under the circumstances of the case, it can be set aside. 3d. Whether the respondent has done any thing to subject him to a suit in personam.

The decree appears to me duly authenticated, and has every mark of being genuine; a witness has been produced who proves the signatures. I do not think that I am authorized to set it aside, for the property is condemned as belonging to enemies, under an arrêté of the governor of Guadaloupe; and I have already determined a question like this, as to the validity of a foreign sentence. Nothing appears to me to make the respondent liable to pay damages, or make restitution. I am of opinion, therefore, that the suit be dismissed with costs, and I decree accordingly.